Lin-Guo v. Holder

BIA
A098 980 945

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of July, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ZUO SHI LIN-GUO, AKA ZU SHI LIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3168-ag
NAC

_____

FOR PETITIONER:   Peter Lobel, New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zuo Shi Lin-Guo, a native and citizen of the People's Republic of China, seeks review of a July 12, 2011, decision of the BIA denying his motion to reopen. *In re Zuo Shi Lin-Guo*, No. A098 980 945 (B.I.A. July 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Li's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Lin-Guo's motion was indisputably untimely because it was filed more than two years after the

2

agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in finding that Lin-Guo failed to establish such circumstances based on his newly commenced practice of Christianity in the United States. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen).

Moreover, the BIA reasonably concluded that Lin-Guo's evidence of the persecution of Christians in China did not establish a material change in country conditions since his September 2006 proceedings. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of*

3

*S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Indeed, the BIA, referencing the U.S. State Department reports and newspaper articles in the record, reasonably determined that, although some of the evidence described a slight intensification of persecution of Christians since 2006, the evidence nevertheless failed to establish a material change in country conditions because it described conditions substantially similar to those that existed at the time of Lin-Guo's 2006 hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of S-Y-G-*, 24 I. & N. Dec. at 257 (explaining that an "incremental or incidental" change in a country's policies does not constitute changed country conditions for purposes of motions to reopen)*; Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.").

Moreover, the BIA reasonably found that Lin-Guo failed to demonstrate an intensification of persecution of Christians in his native Fuzhou City since his 2006 hearing,

4

as the country conditions evidence in the record did not describe any incidents of oppression of unregistered Christians occurring in Fuzhou City. *See* 8 C.F.R. § 1003.2(c)(1); *Matter of S-Y-G-*, 24 I. & N. Dec. at 257. Furthermore, the BIA reasonably determined that the letter written by Lin-Guo's sister did not constitute material evidence, as it was vague and lacking in detail, and did not describe any change in the Chinese government's treatment of Christians since 2006. *See* 8 C.F.R. § 1003.2(c)(1); *see also Abudu*, 485 U.S. at 104-05 (recognizing that a movant's failure to produce material evidence is an independent basis for the denial of a motion to reopen); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006)(holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the agency's discretion).

Accordingly, because substantial evidence supports the BIA's conclusion that Lin-Guo failed to establish that conditions for Christians in China had materially changed since his 2006 proceedings, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See Ali*, 448 F.3d at 517; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk